UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAKSUDAR RAHMAN,

                                    Petitioner,

                    -v-

LAWRENCE CATLETTI *et al.*,

                                    Respondents.

---

26 Civ. 3054 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On March 9, 2026, petitioner Maksudar Rahman, a citizen of Bangladesh who had been released on his own recognizance in the United States, was detained by U.S. Immigration and Customs Enforcement ("ICE"). On April 14, 2026, he filed a petition for a writ of habeas corpus, seeking immediate release or a bond hearing. Dkt. 1 ("Petition"). That day, the Court ordered respondents (collectively, the "Government") to respond to the petition by April 20, 2026. The Court specifically directed the Government to state whether the case is materially distinguishable from *Yao v. Almodovar*, 813 F. Supp. 3d 461 (S.D.N.Y. 2025). Dkt. 6 at 1. In *Yao*, the petitioner was detained by ICE during a routine check-in, after having been released on his own recognizance when he was initially apprehended upon his illegal entry into the United States. *Id.* at 465. The Court found that Yao was detained pursuant to 8 U.S.C. § 1226(a), under which detention is discretionary, and not, as the Government had argued, pursuant to 8 U.S.C. § 1225(b)(2)(A), under which detention is mandatory. *Id.* at 467. As a remedy for the due process violation it found, the Court ordered Yao's release.

The Government acknowledges that *Yao* controls this case as to the statutory basis for Rahman's detention. Dkt. 7 ("Opp'n) at 2. As in *Yao*, Rahman's detention is governed by

§ 1226(a), such that he was entitled to a bond hearing promptly upon his detention. And the Court's conclusion in *Yao* was confirmed by the Second Circuit's decision this week in *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The Circuit there held—consistent with the decisions of the vast majority of district courts around the country—that the petitioner, who had been arrested and detained by ICE more than 20 years after his entry without inspection and admission, had been detained under § 1226(a), not § 1225(b)(2)(A). *Id.* at *3–4.

The Government, however, argues that the remedy in *Yao*—release—is not merited here, and to that extent, opposes the Petition.[1] Opp'n at 3. It notes that, unlike in *Yao*, where the petitioner's arrest was not prompted by any assessment of individualized circumstances, ICE detained Rahman based on his arrest for assault the prior year. Thus, it argues, were the Court to find Rahman detained under § 1226(a), it should find that Rahman is entitled to a bond hearing before an immigration judge ("IJ"), not immediate release.

The Government is correct. The circumstances here, in fact, are nearly identical to those in *Martinez-Lopez v. Reid*, No. 26 Civ. 2893 (PAE), 2026 WL 1133933 (S.D.N.Y. Apr. 27, 2026). There, this Court recently found that the petitioner (1) as in *Yao*, had been detained under § 1226(a), not § 1225(b)(2)(A); (2) was not entitled to immediate release, because ICE had exercised its discretion when it detained him based on a recent arrest, but instead (3) was entitled to a prompt bond hearing. The same three findings are warranted here.

First, the statutory basis for Rahman's detention, in light of *Yao* and *Cunha*, is clearly § 1226(a). The factual synchronicity with *Yao* is particularly acute. In each case, the petitioner unlawfully entered the United States and was immediately apprehended, taken into custody, and released on his own recognizance pursuant to Immigration and Nationality Act ("INA") § 236—

---

[1] Rahman has not filed a reply.

*i.e.*, § 1226. *See* Dkt. 7-1 ("Rousseau Decl.") ¶¶ 4–5; Dkt. 7-2 ("ROR") at 2; *Yao*, 813 F. Supp. 3d at 465. Each was served with a notice to appear, stating that he was subject to removal under 8 U.S.C § 1182(a)(6)(A)(i), which makes a noncitizen present in the United States without admission or parole inadmissible. Rousseau Decl. ¶ 6; *Yao*, 813 F. Supp. 3d at 465. Each was directed to appear before an IJ at a specific date and applied for relief from removal. Rousseau Decl. ¶¶ 6–7; *Yao*, 814 F. Supp. 3d at 465. Each, during a routine check-in at 26 Federal Plaza, was taken into custody and served with an arrest warrant.[2] Rousseau Decl. ¶ 9; *Yao*, 814 F. Supp. 3d at 466. Accordingly, Rahman is and remains detained pursuant to § 1226(a). *See Cunha*, 2026 WL 1146044, at *2.

Second, the record supports that, as required by § 1226(a) and the due process clause of the Fifth Amendment, ICE exercised its discretion in detaining Rahman. A condition of Rahman's ROR, served on May 7, 2024, was that he "not commit any crimes while on this Order of Release on Recognizance." ROR at 4. On January 31, 2025, Rahman was arrested for assault in the second degree in Maryland (although the charge was later dismissed based on a *nolle prosequi*). Rousseau Decl. ¶ 8. On March 9, 2026, when Rahman went to 26 Federal Plaza for his scheduled check-in, ICE informed him that his ROR was canceled because he had failed to comply with the conditions of his release based on that arrest.[3] *Id.* ¶ 9. Like Martinez-Lopez's, Rahman's detention thus is distinct from Yao's, in that Yao had complied with all conditions of release and ICE conceded it had not "exercised any discretion *at all*" in detaining him, thus

---

[2] The arrest warrant in *Yao* cited § 1226 as the basis for Yao's detention. *Yao*, 813 F. Supp. 3d at 466. The Government did not attach Rahman's arrest warrant here.

[3] The Petition states that Rahman has been detained since December 2025. Petition ¶ 19. The evidence submitted by the Government, however, shows that he was first detained by ICE at 26 Federal Plaza on March 9, 2026. Dkt. 7-3 at 3.

violating Yao's due process rights. *Yao*, 813 F. Supp. 3d at 475–76 (emphasis in original).

Here, ICE exercised discretion by detaining Rahman based on his prior arrest. *See Martinez-Lopez*, 2026 WL 1133933, at *4 (ICE exercised discretion in detaining petitioner "based on the individualized circumstances presented by his arrest"). Although ICE did not conduct an individualized risk assessment, *cf. id.* at *2, the record supports that it canceled his ROR "due to his January 31, 2025 assault arrest," Rousseau Decl. ¶ 9, and thus "exercised some discretion" in detaining him.[4] *Sharifzoda v. Orange Cnty. Jail*, No. 26 Civ. 2486, 2026 WL 851378, at *2 (S.D.N.Y. Mar. 27, 2026) (evidence suggested exercise of "some discretion" where petitioner detained during routine check-in shortly after domestic violence arrest) (citation omitted); *see also Gunduzalp v. Joyce*, No. 26 Civ. 2330, 2026 WL 948736, at *3 (S.D.N.Y. Apr. 8, 2026) (same, where Government acted on tip that petitioner presented public safety risk). Rahman thus has not established that the decision to detain him was made without any exercise of discretion—the basis on which the Court ordered Yao's release.

Third, as in *Martinez-Lopez*, Rahman is entitled under § 1226 to a prompt bond hearing consistent with due process "at which the Government bears the burden of proving, by clear and convincing evidence, that [he] is a danger to the community or a flight risk." *Guedez v. Catletti*, No. 26 Civ. 2463, 2026 WL 962575, at *2 (S.D.N.Y. Apr. 9, 2026). Under federal regulations, noncitizens "detained under § 1226(a) receive bond hearings *at the outset of detention*."

---

[4] That the charges against Rahman were ultimately dismissed on a prosecution motion does not defeat this conclusion, because Rahman's arrest on probable cause gave ICE a basis to conclude that he had violated a condition of his ROR. *Cf. Villiers v. Decker*, 31 F.4th 825, 837 (2d Cir. 2022) ("the arrest records provide an indication" that petitioner "violated the do-not-commit-a-crime condition"). At the bond hearing ordered by the Court, *see infra* pp. 4–5, Rahman, of course, will be at liberty to argue that he does not present a danger to the community or a risk of flight, including on grounds relating to the strength (or lack thereof) of the evidence supporting his arrest.

*Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)) (emphasis added); *see also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579–80 (2022) (same). It is undisputed that ICE has failed to provide such a hearing since it took Rahman into custody on March 9, 2026, nearly eight weeks ago. On April 2, 2026, the IJ denied him bond, not on the merits, but on the incorrect premise that Rahman had been taken into custody under § 1225(b)(2)(A), and thus was subject to mandatory detention. *See* Rousseau Decl. ¶ 12 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 219–20 (BIA 2025)). But that premise, as explained above and in *Cunha*, was wrong, as was the administrative precedent on which the IJ relied. *See Villegas ex rel. Guzman Andujar v. Francis*, 815 F. Supp. 3d 248, 256–57 (S.D.N.Y. 2025) (collecting cases disagreeing with *Yajure Hurtado*, as "contrary to the [INA's] statutory scheme, Supreme Court jurisprudence, and decades of [Department of Homeland Security] practice").

At the bond hearing, ICE will be at liberty to establish—and Rahman will be at liberty to refute—that he presents a danger to the community and/or a risk of flight. *See, e.g., Sharifzoda*, 2026 WL 851378, at *1–2 (finding petitioner detained under § 1226 and ordering bond hearing, where ICE exercised discretion to detain petitioner based on arrest for domestic violence); *Guachambala v. Lyons*, No. 26 Civ. 1835, 2026 WL 686154, at *2–3 (S.D.N.Y. Mar. 10, 2026) (same where ICE detained petitioner based on pending drunk driving charges); *Gunduzalp*, 2026 WL 948736, at *3–4 (same where ICE detained petitioner based on receiving tip that he posed public safety risk).[5]

---

[5] *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001) does not entitle Rahman to immediate release pending adjudication of his petition. *See* Petition at 7. First, this decision has adjudicated Rahman's petition, acknowledging his entitlement to a bond hearing but otherwise denying relief. Second, "[t]he standard for bail pending habeas litigation is a difficult one to meet." *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990). Rahman has not shown that "extraordinary

5

**CONCLUSION**

For the above reasons, the Court grants in part and denies in part the petition for a writ of habeas corpus. The Court holds that Rahman is subject to discretionary detention pursuant to § 1226(a), not mandatory detention pursuant to § 1225(b)(2)(A). And it finds that, although ICE exercised discretion in arresting Rahman on March 9, 2026, it has failed to provide him with a bond hearing as required by due process, the INA, and its implementing regulations. The Court thus holds that Rahman is entitled to a prompt bond hearing consistent with due process. The Court, however, denies Rahman's request for outright release.

By one week from this Order, an IJ shall hold a bond hearing for Rahman, at which the Government shall bear the burden of proving, by clear and convincing evidence, that Rahman is a danger to the community or a flight risk. In determining whether to grant bond, the IJ shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the IJ shall consider Rahman's ability to pay.

Within 48 hours of the bond hearing, the Government shall file a letter on the docket of this case stating the outcome of the bond hearing. It shall also promptly order a transcript or recording of the hearing and file such on the docket.

The Clerk of Court is respectfully directed to mail a copy of this decision to Rahman at his address on file.

SO ORDERED.

---

circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 230 (cleaned up).

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Date:    April 30, 2026
         New York, New York